**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4231

DWIGHT BRADSHER POOLE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-97-221)

Submitted: November 24, 1998

Decided: December 31, 1998

Before MURNAGHAN, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dwight Bradsher Poole appeals from his conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1998). The only issue he presents on appeal is whether the district court erred in granting the government's motion in limine to preclude Poole from introducing evidence of previous attacks on his life, which he asserts provided a justification defense to the firearm offense. Finding no error, we affirm.

On July 3, 1997, having obtained an arrest warrant for Poole and a search warrant for his residence, deputies from the Orange County Sheriff's Department set up surveillance to attempt to locate Poole. Deputy George Snowden observed Poole driving a green Toyota Camry. When Deputy Snowden was unsuccessful in his pursuit of Poole, he radioed to other officers for assistance. After hearing the radio transmission, Deputy Nickles left his post on Compton Road and assisted in setting up a vehicle roadblock on Carr Store Road. Deputy Nickles traveled on Carr Store Road just moments before Poole approached from the same direction and was stopped at the roadblock. No other vehicles traveled on this road between Deputy Nickles' car and Poole's car.

Major Donald Truelove began following Poole's vehicle after Poole passed his location. Deputy Snowden fell in right behind Major Truelove. Poole, the only occupant of the Toyota Camry, was seen throwing an object from the vehicle. Deputy Snowden recovered a loaded Charter Arms .44 special caliber revolver from the roadway. After the officers advised Poole that he was under arrest for felon in possession of a firearm, Poole stated, "You got me there . . . I threw out the gun."

In support of his defense of justification, Poole sought to introduce evidence that in July 1996, four men broke into Poole's residence, shot him five times, bound him, and robbed him. Following this incident, Poole was hospitalized for nine days with gunshot wounds to his chest, abdomen and both thighs.

2

In January 1997, Poole was attending a recreational basketball game when two of the participants began to fight. Upon seeing the fight, Poole proceeded to separate the participants. One of the participants then went outside, retrieved a handgun, and brandished it in Poole's direction. Poole ran toward his automobile. While he was running, he was shot in the back of his thigh. Poole then retrieved a handgun and returned fire.

In March 1997, a person or persons fired a weapon through the plate glass windows of Poole's business, D.P. Fashions in Hillsborough, North Carolina. The store was not open at the time. The glass sustained extensive damage. Poole subsequently received information that the assailant in the January 1997 shooting threatened to kill him.

The district court granted the government's motion in limine to exclude this evidence, finding that Poole failed to meet the "immediacy" requirement for a justification defense to the charge of being a felon in possession of a firearm. Following his conviction and sentencing, Poole appeals this ruling.

We review de novo the district court's determination of whether to instruct the jury on the defense of justification. See United States v. Perrin, 45 F.3d 869, 871 (4th Cir. 1995). To warrant an instruction on the justification defense, the defendant must produce evidence that: (1) he "was under unlawful and present threat of death or serious bodily injury;" (2) he "did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;" (3) he "had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm);" and (4) there existed a "direct causal relationship between the criminal action and the avoidance of the threatened harm." United States v. Crittendon , 883 F.2d 326, 330 (4th Cir. 1989) (citations omitted). Failing sufficient evidence as a matter of law as to one of these elements, a defendant may be precluded from presenting any evidence to support his claimed justification defense. See United States v. Bailey, 444 U.S. 394, 416 (1980); United States v. Sarno, 24 F.3d 618, 621 (4th Cir. 1994). This Circuit construes the justification defense "very narrowly." Perrin, 45 F.3d at 875.

We agree with the district court that Poole failed to show that at the time of the unlawful possession, he was under a present or immi-

3

nent threat of death or injury. See Crittendon , 883 F.2d at 330. Poole's proffered evidence (1) that he had been shot in his home nearly one year earlier, (2) that he had been shot while attending a recreational basketball game six months earlier, and (3) that his place of business was fired upon and his life threatened four months prior to the possession does not justify his carrying a firearm in a vehicle in which he was the sole occupant on July 3, 1997. Although Poole's fear of an attack may have been reasonable, a generalized fear does not support the defense of justification; rather, the "defendant must show that a real and specific threat existed at the time of the unlawful possession." Crittendon, 883 F.2d at 330. Compare Perrin, 45 F.3d at 874 (finding no immediate threat where unlawful possession occurred two days after threat made by individual who had gone to apartment of defendant's cousin with shotgun in hand, looking for defendant), with United States v. Paolello, 951 F.2d 537, 539, 542 (3d Cir. 1991) (finding justification where defendant wrestled gun away from man who had argued with defendant, struck defendant's stepson, and then raised and fired gun in the air), and United States v. Panter, 688 F.2d 268, 272 (5th Cir. 1982) (finding unlawful possession of firearm justified where defendant's illegal possession of firearm occurred "in the actual, physical course of a conflict that he did not provoke").

Because Poole cannot show more than a generalized fear at the time he was stopped by officers from the Orange County Sheriff's Department, he failed to produce evidence that he"was under unlawful and present threat of death or serious bodily injury." See Crittendon, 883 F.2d at 330. Failing to present sufficient evidence as to the first element of the affirmative defense, Poole was properly precluded from presenting any evidence to support his claimed justification defense. See Bailey, 444 U.S. at 416; Sarno, 24 F.3d at 621. We therefore uphold the district court's decision to grant the government's motion in limine to exclude Poole's evidence as to his justification defense and affirm Poole's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED